Antonio Lebrón, Plaintiff and Appellant, *v.* F. Fresno & Co. and José Fuentes Valle, Defendants and Appellees.

No. 3946. Argued February 11, 1927.—Decided April 5, 1927.

*Fernando Gallardo* for the appellant. *González Fagundo & González Jr.* for the appellees.

Mr. Justice Franco Soto delivered the opinion of the court.

This is an action of intervention in ownership of real property brought in the Municipal Court of Yabucoa. Defendants F. Fresno & Co., Ltd., appealed from the judgment of the municipal court sustaining the complaint, the district court tried the case *de novo* and after hearing the evidence dismissed the complaint on the sole ground of the failure to allege therein the value of the property.

The intervenor appealed from that judgment and after the record had been filed in this court the appellees filed a motion to dismiss on the ground that as the complaint failed to allege the value of the property claimed, there was no specification of the amount in the judgment and therefore it was not appealable because it did not exceed $300. This Supreme Court overruled the motion (*Lebrón* v. *Fresno & Co. Ltd. et al.,* 35 P.R.R. 640), and in its opinion in that case, in discussing the question raised by the appellee in connection with the lack of jurisdiction said:

"A municipal court being a court of limited jurisdiction, there is no doubt that its jurisdiction can not be presumed, but should appear from the record. Furthermore, considering the wording of section 17 of the Intervention's Act of 1907 (Comp. 1911, page 821), if the defendants had moved to dismiss the complaint on the ground that the value of the property sued for was not set up in the complaint, the court would have had to sustain the motion, but undoubtedly would have allowed the plaintiff to amend his complaint.

"But inasmuch as the defendant answered without raising any question of jurisdiction by reason of the amount in controversy and the evidence showed that the value of the property was $400, the situation was changed.

"The decision of this court in the *Corujo Case, supra,* was based on the fact that the value of the property did not appear from the record, but in this case it appears from the record that the property was purchased for the sum of $400, which, in the absence of any objection by the adverse party, must be presumed to be its fair value. 15 C. J. 750 *et seq.*"

The appellees admit that the question had been prejudged by the decision on the motion to dismiss, but urge that the ruling on the motion reserved to the parties the right to argue the question of jurisdiction when the case was heard on its merits. Now the appellees argue in their brief that in actions brought in the municipal courts jurisdiction must be shown from the pleadings and not from the evidence. In this connection they cite the case of *Poupart et al.* v. *Recurt et al.,* 25 P.R.R. 665, and contend that there is great similarity between that case and this case. The analogy is sought to be established because in the *Poupart Case, supra,* the value of the property claimed was made to depend on the deed of acquisition, the only evidence which showed that the property had been bought for $490, and this court did not consider that amount as evidence of its value, either at the time of its purchase or on the date of the trial. In this case, however, when the deed of sale whereby José Fuentes Valle sold to intervenor Lebrón the property in litigation was introduced, allusion was made to the fact that it was valued at $400. That should have been the proper time for the appellees to explain whether the deed was presented so that the intervenor might show how he acquired the property, or whether it also tended to show the value of the property. No objection was made in that respect. But even if it were understood that the deed was submitted only to establish the title of the intervenor, he testified that the property was worth $400. The appellees also allege that the intervenor

meant to refer to the purchase price, but not to the actual value thereof. However, after saying that he had bought the property from José Fuentes for $400, the intervenor concluded by stating that it was worth $400. It is true that he meant thereby the purchase price, but it could not be contended that he did not take that price as a basis to establish the actual value of the property. The appellees had another opportunity to explain that that was not the intention of the intervenor, and after all there was no objection made to his statements.

On the other hand, the appellees exhibited a certificate from the Treasurer of Porto Rico showing that the property was assessed at $400 for taxation. Although this document had for its purpose only to show that the property had been declared by the intervenor and that vendor José Fuentes Valle would pay the taxes, in any case the value at which it was assessed, though not a proof of its actual value, incidentally did not contradict *prima facie* the evidence of the appellant, but rather sustained the original jurisdiction of the municipal court.

Therefore, as the lower court held that it had no jurisdiction on the ground of the failure of the complaint affirmatively to show the jurisdiction of the municipal court of Yabucoa, without ruling on the merits of the question we must reverse the judgment and remand the case for further proceedings not inconsistent with this opinion.